UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SECURITIES AND EXCHANGE COMMISSION,　　　　Case No. 8:10CV100

　　　　　Plaintiff,

v.

VINOD GUPTA,

　　　　　Defendant.

---

**FINAL JUDGMENT AS TO DEFENDANT VINOD GUPTA**

---

The Securities and Exchange Commission having filed a Complaint and Defendant Vinod Gupta having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 14(a) of the Exchange Act [15 U.S.C. §78n(a)] and Rules 14a-3 and 14a-9 promulgated thereunder [17 C.F.R. §§ 240.14a-3 and 14a-9] by soliciting proxies without furnishing each person solicited a proxy statement containing the information specified by the proxy rules or a proxy statement included in a registration statement filed under the Securities Act on Form S-4, Form N-4, or Form N-14 containing the information specified on such Form, and using proxy statements containing statements which, at the time and in light of the circumstances under which they are made, are false or misleading with respect to any material fact, or omit to state material facts necessary to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for

the same meeting or subject matter which has become false or misleading.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1] by:

(a) falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or

(b) knowingly circumventing or knowingly failing to implement a system of internal accounting controls.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating of Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by certifying falsely that to the best of their knowledge there were no untrue statements of material fact or omissions of a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading in any report filed under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 [17 C.F.R. § 240.13b2-2] promulgated under Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by:

(a) making or causing to be made a materially false or misleading statement to an accountant in connection with any audit, review or examination of financial statements or in the preparation or filing of any document or report required to be filed with the Commission; or

(b) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with any audit, review or examination of financial statements or in the preparation or filing of any document or report required to be filed with the Commission.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Sections 13(a) and 13(b)(2) of the Exchange Act [15 U.S.C. §§ 78m(a), and 78m(b)(2)] and

Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by knowingly providing substantial assistance to an issuer that:

(a) fails to file with the Commission any report or statement required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act and the rules and regulations promulgated thereunder, or information and documents required by the Commission to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to Section 12 of the Exchange Act;

(b) fails, in addition to the information expressly required to be included in a statement or report, to add such further material information as is necessary to make the required statements, in the light of the circumstances under which they were made, not misleading;

(c) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of assets of the issuer; or

(d) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the

recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of $4,045,000, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,145,400, for a total of $5,190,400. Defendant shall satisfy this obligation by paying $5,190,400 to infoGroup, Inc. ("Info"), c/o John Jesse, Corporate Treasurer, infoGroup, Inc., 5711 South 86th Circle, Omaha, NE 68127-0347, by certified check, bank cashier's check, or United States postal money order. Defendant shall pay to Info $5,190,400 as soon as legally permissible after a public announcement of any sale of Info, or no more than 45 days after the sale of Info is completed and consideration from the purchaser is received by shareholders, whichever occurs first, plus post-judgment interest pursuant to 28 U.S.C. § 1961, but in any event, Defendant shall pay to Info $5,190,400 no later than 360 days from the date of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961. Defendant will include

with payment a cover letter identifying Vinod Gupta as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of such payment(s) and letter(s) to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.  If Defendant fails to make payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $2,240,700 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall make this payment as soon as legally permissible after a public announcement of any sale of Info, or no more than 45 days after the sale of Info is completed and consideration from the purchaser is received by shareholders, whichever occurs first, plus post-judgment interest pursuant to 28 U.S.C. § 1961, but in any event, Defendant shall pay $2,240,700 no later than 360 days from date of this Final Judgment, plus post-judgment interest pursuant to 28 U.S.C. § 1961.  The payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management,

Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Vinod Gupta as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. If Defendant fails to make payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that with respect to Defendant's ownership or control, directly or indirectly, of voting stock of Info, the following conditions shall apply from the date of this Final Judgment. With respect to any and all matters presented for a vote of the stockholders of the Company, or the taking of corporate action by the written authorization or consent of security holders, whether at an annual or special meeting of the Company or otherwise, Defendant shall vote or cause to be voted all shares of the Company of which he is a beneficial owner, as such term is defined in Rule 13d-3 of the General Rules and Regulations under the Securities Exchange Act of 1934, or shall grant authorization or execute consents with respect to all such shares, in proportion to the votes, authorizations or consents of the holders of all other outstanding shares of common stock who cast votes, grant authorizations

or execute consents for or against the matter(s) presented.  Defendant shall not grant an authorization or execute a consent for the taking of corporate action (1) pursuant to an agreement with another holder in the class of common stock or (2) with respect to any matter in which all other security holders have not been given an equal opportunity to grant authorizations or execute consents.  These conditions shall not apply to any vote by Defendant:

(a)  pursuant to the Voting Agreement dated as of March 8, 2010 among Omaha Holdco, Inc., Info, and the Defendant (the "Voting Agreement") in connection with the proposed merger of an affiliate of CCMP Capital Advisors, LLC with and into Info, as announced on March 8, 2010; or

(b)  pursuant to a voting agreement executed in the future by Defendant with an entity that, on or before March 29, 2010, submits a bid for all Info stock that Info's Board of Directors determines to pursue, so long as such voting agreement is substantially similar to the Voting Agreement and the transaction contemplated by such voting agreement provides for an all cash purchase of all Info stock in a transaction after which the company's securities are no longer registered under the Exchange Act or publicly traded (a "Potential Transaction") and the Defendant will not have any role in or relationship with the enterprise continuing after the Potential Transaction, whether as a director, officer, consultant or in any other capacity; or

(c) in the event neither transaction described in paragraphs (a) or (b) above occurs, against any potential merger, consolidation, sale, disposition, dissolution or other similar transaction involving Info or any of its subsidiaries or any of their equity, business or assets (whether directly or indirectly, in one transaction or a series of transactions, by operation of law or otherwise) if the Defendant will be offered an amount or form of consideration per share of Info

common stock which is less than the amount or different from the form of consideration per share offered to any other holder of Info common stock.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  March 17, 2010				BY THE COURT:


						**s/ Joseph F. Bataillon**
						UNITED STATES DISTRICT JUDGE